[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Lue Adams and Furman Hunt, the parties to this action, intermarried on December 27, 1986, at Dillons, South Carolina. The plaintiff Furman Hunt had resided in Connecticut continuously for at least one year next preceding the date of the complaint. The parties have one minor child born to the wife since the date of the marriage: Ashley Rae Hunt, born March 25, 1987. There have been no other minor children born to the defendant wife since the date of the marriage.
The parties separated in 1995, and the defendant has relocated to North Carolina. At the time the parties separated there were some disagreements and the defendant testified that the plaintiff became increasingly argumentative and threatening. At the time the defendant relocated to North Carolina she withdrew her savings and allegedly withdrew sums of money which the plaintiff claims were his exclusive funds. Both parties testified that there is no prospect for reconciliation and the parties are reconciled to permanently live apart.
Both parties testified that they are not receiving any state aid or municipal assistance. The plaintiff receives Social Security and a pension in the amount of $422.56. The defendant is gainfully employed in North Carolina and earns $183 net and in addition receives $95 weekly for the minor child from Social Security.
The court finds, based on the evidence and provision of Connecticut General Statutes, § 46b-81(c)[1] the marriage of the parties has broken down and the following orders should enter.
Decree of dissolution based on irretrievable breakdown.
Custody of the minor child, Ashley-Rae Hunt, is awarded to defendant mother with reasonable rights of visitation to the plaintiff.
The plaintiff is ordered to pay the sum of $114 weekly child support in accordance with the income guidelines. CT Page 3841
The defendant is directed to pay to the plaintiff the sum of $13,000, which money was property of the plaintiff and deposited to the defendants account prior to it being withdrawn without the knowledge or consent of plaintiff. Defendant shall have thirteen months from the date of this decree to complete the payment directed here.
The plaintiff is directed to return to the defendant the following items of personal property.
1. The defendant's family bible;
2. Defendant's photographs of the minor child;
 3. Personal items belonging to the minor child in plaintiff's possession if any
The family residence located at 73 Hartford Turnpike in Eastford together with all personal property therein shall remain the exclusive property of the plaintiff.
The defendants IRA account in Fleet Bank shall remain exclusive property of the defendant.
The parties are ordered to pay all of the liabilities listed on their respective financial affidavit.
The parties are directed to each pay one-half the balance of the $1712.50 fee due the attorney for the minor child, Rachel Sarantopoulos, and said fees are non dischargeable in bankruptcy.
No counsel fees are awarded to either party.
No periodic alimony is awarded to either party.
The defendant is allowed to resume her maiden name of Lue Adams.
Kocay, J.